# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 06/13/2019 10:49 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
19STCV20692

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Scheper

Jonathan A. Michaels, Esq. – State Bar No. 180455
Kyle Gurwell. – State Bar No. 289298
**MLG, APLC**
151 Kalmus Drive, Suite A-102
Costa Mesa, CA 92626
T. (949) 581-6900
F. (949) 581-6908
(jmichaels@mlgaplc.com)
(kgurwell@mlgaplc.com)

Attorneys for Plaintiff,
Lauri Manhas

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LAURI MANHAS, an individual,<br><br>Plaintiff,<br>v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1) **NEGLIGENCE;**<br>2) **STRICT LIABILITY – DESIGN DEFECT; AND**<br>3) **STRICT LIABILITY – MANUFACTURING DEFECT**<br><br>UNLIMITED CIVIL ACTION |

**– JURY TRIAL DEMANDED –**

1

COMPLAINT

## THE PARTIES

1.     At all times mentioned in this Complaint, Plaintiff Lauri Manhas was and is a resident of Maricopa County, Arizona.

2.     Plaintiff is informed and understands that Defendant Mercedes-Benz USA, LLC is domiciled in Los Angeles, California. The vehicle that is the subject of this civil action was manufactured by Mercedes-Benz USA, LLC.

3.     Plaintiff is unaware of the true names of Does 1 through 10 and therefore sues them by such fictitious names and will ask for leave of court to insert their true names when such have been ascertained.

## JURISDICTION

4.     This is the proper judicial district for venue of this action because one or more Defendants does business within this county and judicial district.

## STATEMENT OF OPERATIVE FACTS

5.     On September 29, 2018, Joginder Manhas, the lawful spouse of Plaintiff Lauri Manhas, purchased a previously owned 2015 Mercedes-Benz CLS 400, VIN WDDLJ6FB8FA153837. The Manhas family decided to purchase the vehicle after seeing and relying upon advertising campaigns from Mercedes-Benz for the CLS 400, including advertising brochures prepared by Mercedes-Benz and disseminated by its dealer network discussing the vehicle's luxury, reliability and safety features.

6.     The Manhas family's primary motivation for purchasing the vehicle was to obtain a safely designed and manufactured, reliable luxury vehicle for use by her and her family.

**COMPLAINT**

7.     The Manhas family paid a premium for the vehicle because they believed it was safely designed, engineered, manufactured, assembled, inspected and tested.

8.     After purchasing the vehicle, the Manhas family operated and maintained the vehicle in conformance with the manufacturer's recommendations.

9.     On February 24, 2019, Mrs. Manhas was driving her CLS 400 when a multi-vehicle pile-up occurred ahead of her at North Miller Road and East Chaparral Road, Scottsdale AZ 85251. Mrs. Manhas applied her brakes but was unable to avoid hitting the collision. Much to Mrs. Manhas's surprise, the CLS 400's front driver's-side airbag, located in the steering wheel, failed to deploy. Also, to her dismay, the seatbelt failed to lock properly.

10.     As a result, Mrs. Manhas was not fully protected in the ensuing impact on her body, causing her to sustain more injuries than she would have, including lower-lip laceration when her lower teeth punctured all the way through her lower lip upon her face hitting the vehicle's steering wheel, and concussion when her head then hit the windshield.

11.     Within days of the vehicle accident, Mrs. Manhas suffered symptoms consistent with stroke including sudden numbness on the left side of her body, and loss of motor skill.

12.     These injuries would have been less severe or entirely avoided had the vehicle's safety restraints functioned properly.

13.     Mrs. Manhas, through the use of reasonable diligence, could not have discovered the defect in the 2015 Mercedes-Benz CLS 400 prior to the air bag failure described herein. Had they known about the defect, the Manhas family would not have purchased the vehicle, would not have paid a premium price for it, nor driven the vehicle at a substantial risk to themselves.

3

**COMPLAINT**

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

(Against All Defendants)

14.     Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

15.     Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and/or distributed, and performed maintenance on the 2015 Mercedes-Benz CLS 400 purchased by Plaintiff.

16.     Defendant owed a duty to use reasonable care in the design, engineering, testing, assembly, marketing, advertisement, inspection, maintenance, warning, sale and/or distribution of the subject vehicle, to avoid exposing the public and ultimate users, like Plaintiff, to a foreseeable risk of harm.

17.     Defendant breached said duty and is liable to Plaintiff for one or more of the following negligent acts and/or omissions:

          a.     Failing to use due care in the design, engineering, testing, assembly, marketing, advertising, inspection, maintenance, sale and/or distribution of the subject vehicle, and/or to utilize and/or implement reasonably safe designs in the manufacture of the 2015 Mercedes-Benz CLS 400 purchased by Plaintiff;

          b.     Placing the subject vehicle into the stream of commerce when it had a propensity for defective airbag and seatbelt deployments while being used in a reasonably

4

**COMPLAINT**

foreseeable manner, rendering it hazardous and dangerous for its contemplated and intended use, and thereby presenting an unreasonable risk of serious injury or death;

c.      Failing to provide adequate and proper warnings of the subject vehicle's propensity for defective airbag and seatbelt deployment while being used in the manner for which it was intended;

d.      Failing to incorporate or retrofit the 2015 Mercedes-Benz CLS 400 purchased by Plaintiff with existing, reasonable safeguards and protections against defective airbag and seatbelt deployment and the consequences flowing therefrom, when used in the manner for which it was intended;

e.      Failing to adequately prevent, identify, mitigate and fix defective airbag and seatbelt deployment, in accordance with good engineering practices;

f.      Failing to notify and warn Plaintiff through consumer reports of defective airbags and seatbelts, thus misrepresenting the safety of the 2015 Mercedes-Benz CLS 400 purchased by Plaintiff, and the subject model vehicle generally;

g.      Failing to make adequate and timely corrections to the manufacture and design of the 2015 Mercedes-Benz CLS 400 purchased by Plaintiff, and to the model vehicle generally, so as to prevent and/or minimize the effects and incidents of sudden and unexpected airbag and seatbelt malfunction; and,

h.      Otherwise being careless and negligent.

5

**COMPLAINT**

18.     Defendant's actions as alleged herein were a substantial factor in causing Plaintiff's damages in that Plaintiff would not have purchased or driven the vehicle had she known the subject vehicle had a defective airbag and seatbelt system.

19.     As a direct and proximate result of Defendant's actions and its negligent breach of its standard of care, Plaintiff suffered damages when, as she was driving the subject vehicle, its airbag system did not properly deploy, nor did its seatbelt properly restrain when it struck another vehicle. This caused her to sustain more injury than she would have had the airbag system fully deployed and seatbelt properly restrained her, resulting in past and future medical expenses and lost earnings.

20.     Plaintiff seeks relief for such damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION
### STRICT LIABILITY – DESIGN DEFECT
(Against All Defendants)

21.     Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

22.     Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and/or distributed, and performed maintenance on the 2015 Mercedes-Benz CLS 400 purchased by Plaintiff.

23.     The 2015 Mercedes-Benz CLS 400 purchased by Plaintiff did not perform as safely as an ordinary consumer would have expected the vehicle to perform when its airbag and seatbelt systems

6

COMPLAINT

1  functioned improperly in a collision. Such collisions are reasonably foreseeable to manufacturers like

2  Plaintiff.

3

4      24.    Defendant's actions as alleged herein were a substantial factor in causing Plaintiff's

5  damages in that Plaintiff would not have purchased and driven a vehicle with a defective airbag and

6  seatbelt system.

7

8      25.    As a direct and proximate result of Defendant's actions, Plaintiff sustained more injury

9  than she would have had the subject vehicle she was driving properly deployed its airbag system and

10  seatbelt restraint system, resulting in past and future medical expenses and lost earnings.

11

12      26.    Plaintiff seeks relief for such damages in an amount to be proven at trial, but which is in

13  excess of the minimum jurisdictional limit of this Court.

14

15

16                        **THIRD CAUSE OF ACTION**

17              **STRICT LIABILITY – MANUFACTURING DEFECT**

18                         (Against All Defendants)

19

20      27.    Plaintiff repeats every allegation contained in the paragraphs above and incorporates

21  such allegations herein by reference.

22

23      28.   ' Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised,

24  sold and/or distributed, and performed maintenance on the 2015 Mercedes-Benz CLS 400 purchased by

25  Plaintiff.

26

27

28

**COMPLAINT**

1      29.     The subject vehicle contained a manufacturing defect in the form of a defective airbag
2   and seatbelt system when it left Defendant's possession or when Defendant performed maintenance on
3   the vehicle.

4

5      30.     Defendant's actions as alleged herein were a substantial factor in causing Plaintiff's
6   damages in that Plaintiff would not have purchased or driven the vehicle had she been informed that the
7   subject vehicle had defective airbag and seatbelt systems.

8

9      31.     As a direct and proximate result of Defendant's actions, Plaintiff sustained more injuries
10  than she would have had the subject vehicle she was driving properly deployed its airbag system
11  seatbelt restraint systems, resulting in past and future medical expenses and lost earnings.

12

13     32.     Plaintiff seeks relief for such damages in an amount to be proven at trial, but which is in
14  excess of the minimum jurisdictional limit of this Court.

15

16      —     **WHEREFORE,** Plaintiff Mrs. Lauri Manhas prays for:

17

18          First Cause of Action:

19              1.     Compensatory damages.

20

21          Second Cause of Action:

22              2.     Compensatory damages.

23

24          Third Cause of Action:

25              3.     Compensatory damages.

26

27          All Causes of Action:

28              4.     Pre-judgment interest as allowed by statute.

8

**COMPLAINT**

5.   Plaintiff's costs of suit incurred herein.

6.   Such other and further relief as the Court may deem just and proper.


MLG, APLC


Dated:                                    By: _____
                                              Jonathan A. Michaels, Esq.
                                              Kyle Gurwell, Esq.
                                              Attorneys for Plaintiff,
                                              Lauri Manhas

9

COMPLAINT